IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YELENA KOVALCHUK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF CUMBERLAND<br>COUNTY PRISON,<br><br>　　　　Respondent. | No. 4:25-CV-01669<br><br>(Chief Judge Brann) |

## ORDER

### OCTOBER 14, 2025

**AND NOW**, upon consideration of petitioner Yelena Kovalchuk's recently filed petition for a writ of habeas corpus under 28 U.S.C. § 2254,[1] in which Kovalchuk indicates that she has been incarcerated for civil contempt beginning on March 14, 2025,[2] for a period of six months for violating an order of the Court of Common Pleas of Cumberland County, Pennsylvania,[3] and the Court observing that the gravamen of Kovalchuk's petition concerns family law issues involving child custody and related contempt proceedings, and further observing that Kovalchuk appears to have filed an appeal prior to her sentencing on March 14, 2025,[4] which appeal the Superior Court of Pennsylvania *sua sponte* quashed on

---

[1] Doc. 1.
[2] *Id.* ¶ 1.
[3] *Id.* ¶¶ 1, 3, 5.
[4] *See Commonwealth v. Kovalchuk*, No. CP-21-MD-0000170-2025 (Pa. Ct. Com. Pl. Cumberland Cnty.).

April 23, 2025, explaining that Kovalchuk had appealed from the Court of Common Pleas' February 28, 2025 interlocutory order finding Kovalchuk in contempt and scheduling a sentencing hearing, which order was "not final or otherwise appealable,"[5] and the Court additionally noting that it does not appear that Kovalchuk has filed a petition for a writ of habeas corpus in state court,[6] nor has Kovalchuk responded to this Court's show-cause order[7] regarding state-court exhaustion, and the Court thus finding that Kovalchuk has failed to exhaust "the remedies available in the courts of the State,"[8] which is a mandatory prerequisite for seeking federal habeas corpus relief,[9] and that Kovalchuk has not established any basis for federal court review of her completely unexhausted Section 2254 petition at this time,[10] **IT IS HEREBY ORDERED** that:

1. Kovalchuk's Section 2254 petition is **DISMISSED** without prejudice for failure to exhaust state remedies.

---

[5] *See id; see also Commonwealth v. Kovalchuk*, No. 347 MDA 2025 (Pa. Super. Ct. Apr. 23, 2025); Doc. 1 ¶¶ 16-17.

[6] *See generally Kovalchuk*, No. CP-21-MD-0000170-2025; *see* 42 Pa. Cons. Stat. § 6502.

[7] Doc. 7.

[8] 28 U.S.C. § 2254(b)(1)(A).

[9] *See id.*; *see also id.* § 2254(c).

[10] Kovalchuk did not properly appeal her judgment of sentence to the Superior Court; rather, she attempted to appeal an interlocutory order (rather than the final judgment), which appeal was summarily quashed. Instead of correcting her error, Kovalchuk sought allowance of appeal from the Supreme Court of Pennsylvania. *See Commonwealth v. Kovalchuk*, No. 281 MAL 2025 (Pa.). Her petition for allowance of appeal was denied on August 7, 2025. *See id.*, 2025 WL 2251453 (Pa. Aug. 7, 2025) (table). Thus, Kovalchuk has not exhausted any habeas claim, *i.e.*, she has not pressed any claim through one complete round of appellate review and received a determination on the merits. *See Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (citation omitted). Contrary to her assertion that she "diligently sought relief through Pennsylvania courts," (Doc. 1 ¶ 16), Kovalchuk never properly asserted her direct appeal rights because she appealed an interlocutory order. Nor does it appear that Kovalchuk has sought state post-conviction relief.

2. The Clerk of Court is directed to CLOSE this case.

3. If and when Kovalchuk has properly presented her claim or claims to the state courts and received a determination on the merits, she may file a petition under 28 U.S.C. § 2254 in this Court to assert any exhausted claim or claims for which this Court would have jurisdiction under Section 2254, *i.e.*, a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge